UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CALVIN WAYNE THOMAS,

   Movant,

v.

   No. 4:22-cv-0512-P
   (No. 4:20-cr-0125-P)

UNITED STATES OF AMERICA,

   Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Calvin Wayne Thomas, Movant, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, including the record in the underlying criminal case, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On May 28, 2020, Movant was named in a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). CR ECF No. 12. Movant entered a plea of not guilty. CR ECF No. 16. He later decided to change his plea and signed a factual resume setting forth the charge, the maximum penalty Movant faced, the elements of the offense, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 21. He also signed a plea agreement with waiver of appeal. CR ECF No. 22. On July 15, 2020, Movant appeared for re-arraignment and entered his plea of guilty. CR ECF Nos. 19 & 45.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 22 based on his November 26, 2012 conviction of the felony offense of murder, a crime of violence. CR ECF No. 27, ¶ 29. He received a two-level increase for a stolen

firearm. *Id.* ¶ 30. He received a four-level increase for engaging in drug trafficking while in possession of ammunition and a firearm. *Id.* ¶ 31. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 38, 39. Based on a total offense level of 25 and a criminal history category of II, Movant's guideline imprisonment range was 63 to 78 months. *Id.* ¶ 73. The PSR also contained a discussion of factors that might warrant a sentence outside the advisory guideline system. *Id.* ¶ 86. Movant filed a notice of no objections to the PSR. CR ECF No. 29.

The Court sentenced Movant to a term of imprisonment of ninety months. CR ECF No. 38. The Court explained that the variance was due to the nature and circumstances of the offense, the history and characteristic of Movant, specifically, that his criminal history category under-represented his criminal history, and was necessary to reflect the seriousness of the offense, promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of Movant. CR ECF No. 39. At sentencing, the Court explained:

> Specifically, the defendant has a prior conviction for murder. He was sentenced to a term of imprisonment for that crime, which appears to provide—have provided no deterrent effect, as evidenced by his arrests for aggravated assault with a deadly weapon less than one year after discharge of his parole supervision for the murder crime.
>
> While pending disposition in that case, the defendant committed the instant offense, emphasizing his continuing criminal behavior. It appears to the Court that the defendant has no regard for the law or the welfare of others and he's a danger to society. He's shown no signs of remorse, and appears to be well on his way to being a recidivist criminal.
>
> In determining this sentence and the appropriate upward variance, I considered the advisory guidelines, as well as the statutory directives given to me by Congress in 18 United States Code Section 3553(a). It was my determination that a sentence of 90 months with a 3-year term of supervised release was sufficient but not greater [than] necessary to comply with the purposes set forth in

paragraph 2 of Section 3553(a), reflects the seriousness of and provides a just punishment for the offense, promotes respect for the law, affords adequate deterrence to criminal conduct, and protects the public from additional crimes of this defendant.

Indeed, even if my guideline calculations today are incorrect, a 90-month sentence, representing an upward variance and a 3-year term of supervised release, would have been the same sentence that I would have imposed otherwise based on my study of the factors set forth in Section 3553 applied to the facts of this case.

CR ECF No. 46 at 14–15.

Movant appealed and his sentence was affirmed. *United States v. Thomas*, 851 F. App'x 528 (5th Cir. 2021). His petition for writ of certiorari was denied. *Thomas v. United States*, 142 S. Ct. 832 (2022).

## GROUND OF THE MOTION

Movant asserts one ground in support of his motion, contending that he received ineffective assistance of counsel because his attorney did not object to information in the PSR and to the upward variance. ECF No. 1 at 7.

## APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words,

3

a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B.     Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### ANALYSIS

Movant, noting that the Court adopted the findings and conclusions of the PSR because there were no objections, argues that his attorney should have objected to the increased base level he received because of his prior murder conviction and should have objected to the reference to

his pending assault charge. ECF No. 2 at 4. Neither objection would have made any difference in his sentence. And, because he cannot show prejudice, he cannot prevail. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).

As the government notes, even had Movant's prior murder conviction not counted as a crime of violence, his guideline calculation would have been the same. ECF No. 8 at 6. As the PSR reflects, Movant was engaged in drug trafficking at the time of his arrest. CR ECF No. 27, ¶¶ 8–23. Pursuant to the cross reference, USSG 2K2.1(c)(1), Movant was accountable for 280.53 kilograms of converted drug weight, resulting in the same guideline calculation used for the firearm offense. *Id.* ¶ 23. Further, had one calculation been higher than the other, the higher calculation would have been used. *Id.* ¶ 32. Thus, had Movant objected to the crime-of-violence enhancement and had the objection been accepted, the base offense level for felon in possession of a firearm would have been decreased, and the higher cross-referenced level would have applied. In other words, the guideline range would have stayed the same. And, in any event, the Court would have imposed the same sentence even had the guideline calculation been incorrect. CR ECF No. 46 at 15.

As for the other objection Movant contends should have been made, the PSR correctly reflects the charges pending at the time, including aggravated assault with a deadly weapon. CR ECF No. 27, ¶ 47. Movant argues that he was actually innocent of that charge and that "it was getting dismissed by the State of Texas." ECF No. 2 at 5. He does not offer any evidence to support such contention. Conclusory allegations are insufficient to support relief under § 2255. *Miller*, 200 F.3d at 282. But, even if he had offered support, it does not change the fact that Movant had been arrested on that charge and the charge was pending when the PSR was prepared. What concerned the Court at sentencing was that Movant's prior sentence for murder had provided no deterrent effect. Movant continued to engage in criminal behavior without any regard for the law or safety of others. He was a danger to society. CR ECF No. 46 at 14.

Although the Court need not consider the first prong of the *Strickland* test inasmuch as Movant cannot show prejudice, Movant likewise cannot show that his counsel's performance fell outside the wide range of reasonable professional assistance. *Strickland*, 466 U.S.

at 689. Counsel was not required to foresee that the Supreme Court would determine that his prior murder conviction would not qualify as a crime of violence under USSG 4B1.2(a). *United States v. Fields*, 565 F.3d 290, 294–95 (5th Cir. 2009) (clairvoyance is not a required attribute of effective representation). He was only required to present directly controlling precedents that might benefit his client. *United States v. Slape*, 44 F.4th 356, 360 (5th Cir. 2022). Such precedents did not exist at the time. See ECF No. 8 at 8–9 & n.2. Moreover, the PSR correctly reflected that Movant had a pending charge for aggravated assault with a deadly weapon. And, finally, any objection to the reasonableness of the sentence would have been frivolous since Movant waived his right to appeal. CR ECF No. 22. The waiver was knowing and voluntary and applies to the circumstances here based on the plain language of the agreement. CR ECF No. 45 at 29–33 (Movant's testimony regarding waiver of right to appeal); *United States v. Scallon*, 683 F.3d 680, 682 (5th Cir. 2012); *United States v. Portillo*, 18 F.3d 290, 292–93 (5th Cir. 1994).

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **17th day** of **November 2022.**

*/s/ Mark T. Pittman*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE